NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30219 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00369-JO-1 |
| v. | |
| RAUL DAVID ALVARADO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, District Judge, Presiding

Submitted November 4, 2019[**]
Portland, Oregon

Before: PAEZ and RAWLINSON, Circuit Judges, and KOBAYASHI,[***] District Judge.

Defendant-Appellant Raul David Alvarado was convicted of conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841 and 846.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

Alvarado appeals the denial of his Rule 29 motions for judgment of acquittal. Reviewing the matter *de novo* and examining the evidence in the light most favorable to the Government, we affirm because the trial evidence was sufficient to allow a rational jury to determine that every element of the conspiracy charge was proven beyond a reasonable doubt. *See United States v. Niebla-Torres*, 847 F.3d 1049, 1054 (9th Cir. 2017). The evidence established more than an agreement to conduct multiple drug sales. *See United States v. Moe*, 781 F.3d 1120, 1123 (9th Cir. 2015) ("[A] conviction for conspiracy cannot be based solely on the purchase of an unlawful substance, even though such a transaction necessarily involves an agreement between at least two parties, the buyer and the seller. Rather, conspiracy requires proof of an agreement to commit a crime other than the crime that consists of the sale itself. Were the rule otherwise, every narcotics sale would constitute a conspiracy.") (quotation marks and citations omitted).

Alvarado was an integral part of a large-scale drug distribution network. The jury could have rationally concluded that Alvarado had agreements to distribute both heroin and methamphetamine. Co-defendant Fidel Villafana-Beltran fronted the drugs to Alvarado. Alvarado and Amis then fronted the same drugs to their distributors. When the distributors sold the pound and half-pound quantities of heroin and methamphetamine, they would pay Alvarado and Amis, who would then use that money to pay Villafana-Beltran. *See United States v.*

2

*Lapier*, 796 F.3d 1090, 1095 (9th Cir. 2015) (fronting of drugs may support conspiracy to distribute controlled substance because suppliers who front drugs expect the drugs to be resold and the proceeds used to pay for the fronted drugs). When Alvarado was arrested, he told Amis that she was in charge and that she should keep ledgers of their drug deals. When Villafana-Beltran was on vacation, he told a buyer to contact Alvarado to get drugs. Villafana-Beltran also sent Alvarado to collect debts owed to Villafana-Beltran, sometimes telling Alvarado that he could keep half of what he collected. The evidence therefore establishes "a prolonged and actively pursued course of sales coupled with the seller's knowledge of and a shared stake in the buyer's illegal venture." *United States v. Ramirez*, 714 F.3d 1134, 1140 (9th Cir. 2013).

**AFFIRMED.**